UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DEYLIN MASIEL MORAZAN
CENTENO,

        Petitioner,

   v.

MARKWAYNE MULLIN, et al.,

        Respondents.

Case No. 5:26-cv-02023-KES

ORDER DENYING GROUND TWO
OF THE PETITION

## I.    INTRODUCTION

Deylin Masiel Morazan Centeno ("Petitioner") filed a counseled petition for a writ of habeas corpus under 28 U.S.C. § 2241 ("Petition" at Dkt. 1), challenging his detention by the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). The parties have consented to the jurisdiction of the Magistrate Judge. (Dkt. 5, 9.)

## II.    PROCEDURAL HISTORY

Petitioner filed the present Petition on April 21, 2026. (Dkt. 1.) As the Petition explains, "Individuals detained pursuant to § 1226(a) are entitled to a bond hearing at the commencement of their detention." (Id. at 3, ¶ 14.) In contrast, the Immigration and Nationality Act ("INA") provides for mandatory detention "for

1

other recent arrivals seeking admission referred to under § 1225(b)(2)." (Id. at 4, ¶ 15.)  "This case concerns the detentions provisions at §§ 1226(a) and 1225(b)(2)." (Id. ¶ 17.)  Petitioner "is precluded from seeking a bond redetermination hearing before an Immigration Judge pursuant to the precedential decision of the Board of Immigration Appeals ("BIA") in Matter of Yajure Hurtado,[1] 29 I&N Dec. 216 (BIA 2025), because Petitioner is charged with having entered the United States without inspection or admission." (Id. at 6, ¶ 31.)  Petitioner argues that Hurtado was wrongly decided and that "the mandatory detention provision of § 1225(b)(2) does not extend to individuals, such as Petitioner, who are alleged to have entered the United States without being admitted or paroled." (Id. ¶ 27.)

The Petition raises the following two claims:

Ground 1: Violation of 8 U.S.C. § 1226(a), Unlawful Denial of Bond Hearing.  Petitioner alleges that Respondents improperly applied § 1225 to his immigration case and denied a bond hearing when he is entitled to such a hearing under § 1226(a).  (Id. at 6-7, ¶¶ 33-35.)

Ground 2: Violation of Procedural Due Process.  After incorporating the prior allegations, Petitioner alleges, "The government's detention of Petitioner without a bond redetermination hearing to determine whether Petition is a flight risk or danger to other violates Petitioner's right to due process." (Id. at 7, ¶ 39.)

As a remedy for both claims, Petitioner seeks "a writ of habeas corpus directing Respondents to release Petitioner or, in the alternative, to provide Petitioner with a bond hearing to which Petitioner is legally entitled within seven

---

[1] "[O]n September 5, 2025, the BIA issued Matter of Yajure Hurtado, adopting DHS's arguments, overruling prior agency practice, and holding that § 1225(b)(2)(A) applies to all noncitizens present in the United States without admission, including long-term residents who entered without inspection, subjecting them to mandatory detention during removal proceedings." Chavez v. Kaiser, No. 3:25-cv-06984-LB, 2025 U.S. Dist. LEXIS 203250, at *4 (N.D. Cal. Oct. 9, 2025).

(7) days." (Id. at 7 (prayer for relief).)

On the same day Petitioner filed his Petition, he also filed an ex parte application for a temporary restraining order ("TRO"). (Dkt. 4.) The Court set an expedited briefing schedule for the Petition and denied the TRO, finding that the expedited briefing schedule was sufficient. (Dkt. 7, 10.)

On April 29, 2026, Respondents answered the Petition and conceded that Petitioner appears to be a member of the Bond Eligible Class certified in Bautista v. Santacruz, 813 F. Supp. 3d 1084 (C.D. Cal 2025), and is therefore entitled to a bond hearing. (Dkt. 12 at 2.) On April 30, 2026, the Court granted relief on Ground 1 and enjoined Respondents from continuing to detain Petitioner unless they gave him an individualized bond hearing within seven days. (Dkt. 13.)

On May 7, 2026, Respondents filed a status report. (Dkt. 14.) Respondents advise that Petitioner received a bond hearing on May 5, 2026, at which the immigration judge ("IJ") denied bond, finding "[s]ignificant flight risk which no amount of bond can mitigate." (Id. at 2; Dkt. 14-1.)

On May 8, 2026, the Court directed Petitioner to either file a voluntary dismissal or reply addressing Ground 2 by May 15, 2026. (Dkt. 15.) That deadline has since passed and Petitioner has not filed anything.

**III.   FACTUAL RECORD**

In December 2022, Petitioner was placed in removal proceedings and charged with inadmissibility for having entered the United States without inspection or admission. (Dkt. 1 at 6, ¶ 28.) Petitioner was released from immigration custody on an Order of Recognizance but was subsequently arrested by immigration authorities and is currently detained at the Adelanto ICE Detention Facility. (Id. ¶ 29.) His removal proceedings remain pending. (Id. ¶ 30.) Petitioner was denied a bond hearing by an Immigration Judge due to Hurtado, even though he is charged with entering the United States without inspection or admission. (Id. ¶ 31.) He has a scheduled master hearing set for June 2, 2026. See Automated Case Information,

3

EOIR, https://acis.eoir.justice.gov/en/ (last accessed May 18, 2026).

## IV. DISCUSSION

In granting Ground 1, the Court already granted the relief requested in the Petition. (Dkt. 13.) Respondents complied with the Court's order by providing a timely bond hearing. (Dkt. 14.) When given the opportunity to file a reply disputing mootness or challenging Respondents' compliance with the Court's order, Petitioner failed to do so. (Dkt. 15.)

The Court, therefore, denies Ground 2 as moot.

## V. CONCLUSION

IT IS THEREFORE ORDERED that Ground 2 of the Petition is denied as moot.

DATED: May 19, 2026

_Karen E. Scott_____

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

4